STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. JOHN F. OATES, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 30, 1973—Decided February 22, 1973.

474

Before Judges Kolovsky, Matthews and Ard.

*Mr. David G. Lucas,* Deputy Attorney General in Charge Bergen County Prosecutor's Office, attorney for appellant (*Mr. Vincent J. Sharkey, Jr.,* on the brief).

*Mr. Timothy J. Dunn, II,* attorney for respondent.

Per Curiam. Defendant was found guilty at a jury trial on an indictment which charged that on or about July 25, 1970, in Dumont, Bergen County, he "did unlawfully and feloniously sell cigarettes without the stamps required by the laws of the State of New Jersey being affixed thereto contrary to the provisions of *N. J. S. A.* 54:40A–28."

The State's proofs were that a police officer and investigators employed by the State Division of Taxation, armed with a search warrant, were present outside defendant's home when a mail truck arrived and delivered seven cases, containing 220 cartons of cigarettes, 44,000 cigarettes in all. After the delivery, the officers entered the home and seized

the cases. None of the packs of cigarettes had any New Jersey cigarette tax stamps thereon. In addition, another group of cartons containing 3,000 untaxed cigarettes were found in the house.

No proof was offered that defendant had in fact sold any untaxed cigarettes. Rather, the State relied on the following portion of *N. J. S. A.* 54:40A–28, which the court read to the jury:

Possession of two thousand or more unstamped cigarettes by any person other than a licensed distributor shall be prima facie evidence that the possessor thereof has engaged in the sale of cigarettes without the stamp or stamps required by this act having been affixed thereto and such person shall be subject to the penalty provided by this section.

Following the jury verdict defendant moved for dismissal of the indictment or a new trial, contending that the quoted statutory provision permitting an inference of sale from proof of possession was unconstitutional and that the verdict was against the weight of the evidence. The trial judge thereafter filed an opinion in which he refused to pass on the constitutionality of the statute but nevertheless concluded that a judgment of acquittal should be entered, saying:

The court finds as a fact, that a jury could not reasonably find the defendant guilty of the sale of unstamped cigarettes on the evidence presented. The application of the statutory inference would be unconstitutionally arbitrary. *State v. DiRienzo*, 53 *N. J.* 360, 380 (1969), *State v. Humphreys*, 54 *N. J.* 406, 413 (1969).

* * * No purpose would be served by a new trial, as the evidence necessary to sustain a conviction of sale of cigarettes with [sic-without] the requisite tax stamps, is not present.

The State appeals.

We affirm essentially for the reasons set forth in Judge Kuechenmeister's opinion, adding only the observation that the State's reliance on *Turner v. United States,* 396 *U. S.* 398, 90 *S. Ct.* 642, 24 L. Ed. 2d 610 (1970), reh. den. 397 *U. S.* 958, 90 *S. Ct.* 939, 25 L. Ed. 2d 144 (1970) is un-

warranted. In its pertinent aspects *Turner* is authority contrary to the State's contentions. See 396 *U. S.* at 421, 90 *S. Ct.* at 654–655.

*Turner* would support the State's position if our statute made it a crime to possess untaxed cigarettes with the intent to sell them and permitted an inference of intent to sell from proof of possession of 2,000 or more untaxed cigarettes. But our statute does not so provide.

Only a person who "sells [unstamped] cigarettes" is guilty of a misdemeanor. *N. J. S. A.* 54:40A–28. Absent proof of sale, the penalty which may be imposed for possession of unstamped cigarettes — in addition to confiscation of the cigarettes, *N. J. S. A.* 54:40A–30 — is the civil penalty provided for in *N. J. S. A.* 54:40A–25.

The order appealed from is affirmed.